## Case No. 16,496.

UNITED STATES v. THREE CASES.

[See Case No. 15,014.]

## Case No. 16,497.

UNITED STATES v. THREE CASES, ETC.

[5 Betts. D C. MS. 42.]

District Court, S. D New York.    April 9, 1845.

CUSTOMS DUTIES — FORFEITURE OF GOODS — FALSE
INVOICES—ADMISSIBILITY OF EVIDENCE
— NEW TRIAL.

[1. Representations by the agent of a foreign importer, made according to a course of dealing, through a series of importations, to a purchaser of the goods, that certain invoices exhibited to the purchaser by the agent were true invoices, sent him by his principal, are admissible against the principal for the purpose of showing the falsity of certain other invoices under which the goods were entered.]

[2. The court will not set aside a verdict condemning the goods, although it is of opinion that the weight of evidence is in favor of the claimant, where there is also evidence of a cogent character tending to show a gross undervaluation, with the knowledge of the claimant, and for the purpose of evading the duties.]

BETTS, District Judge.   Motion for a new trial on a case made (1) for admission of improper evidence, and (2) because the verdict is against the weight of evidence.   An information was filed against four cases of goods imported by the claimant, and their forfeiture demanded, because of an undervaluation on the invoice, with intent to defraud the revenue of the United States.   One case, No. 123, obtained on purchase by the importer, was acquitted, and three cases, obtained otherwise than by purchase, were, on the trial, convicted by the jury, and judgment was rendered conformably to the verdict.   The entry of the goods was made by C. Joly, attorney, and agent of the owner, who took the owner's oath in behalf of [T.] Bonjeau the foreign owner. On the trial of the cause the United States offered A. T. Stewart, a witness, to prove the sale of several invoices of similar goods to him in New York by C. Joly, as agent and attorney of the claimant, antecedent to the present importation, and offered those invoices in evidence, and offered to prove the declarations of Joly, at the time of the sale, that those invoices represented the actual cost and market price of the goods abroad, and further offered to prove that Joly had, previous to such sale and representation to witness, entered the same goods at the custom house for the claimant, on other invoices, 40 or 50 per cent. below in prices those on the invoice exhibited to the witness, and at which he bought, as their foreign prices.

The counsel for the claimant objected to this evidence, upon the ground that the declarations or admissions of the agent in this respect could not affect the principal, but the court admitted the testimony, and the exception to that decision forms one of the points on which a new trial is now urged.

No question was made at the trial that the fact of Joly's agency was not sufficiently proved, and the claimant cannot, on the argument of the case, take the exception that the evidence set forth does not establish such agency.   It must accordingly, on this discussion, be accepted as proved that Joly was the agent of the claimant in making the entries of his goods imported here at various times, and also in making sale of them in this market.   Again, as no objection was raised at the trial to the want of full proof that the invoices exhibited by Joly to Stewart, and in relation to which he gave evidence, were original invoices, transmitted to the agent by the claimant, the claimant cannot now avail himself of any defect or insufficiency of the testimony to that end.   Had he brought forward the objection at the trial, the plaintiff might have obviated it, by putting in further evidence, or the court might have given instructions that would have withdrawn the matter from the jury.

Freed of these collateral considerations, the naked question is, whether the representations of the agent to a purchaser who bargains for the goods at their invoice prices, that the invoice sent him by his principal, and exhibited to the buyer, is a true statement, can be given in evidence against his principal.   The power of a selling agent to guaranty the quality, amount, or value of property, so as to bind the owner, may be implied from the character of his agency, to the same effect against the principal as if the authority was established by direct proof; and that, notwithstanding the special directions or instructions of the principal, may restrain or qualify such authority.   2 Kent, Comm. 621; 3 Durn. & E. [3 Term R.] 757; 15 East, 45; Story, Ag. §§ 134–137.   When, then, it is shown to have been the course of dealing of this agent, through a series of importations, to sell the goods of the claimant upon the basis of their foreign cost. and to present the invoices forwarded by the claimant as evidence of such cost, his acts on such sale are unquestionably within the scope of his authority, whether the authority is implied from the nature of the business, or the acts are regarded as ratified by the repetition and continuance of the business on the part of the principal; and the rule is clear that, where the acts of the agent will bind the principal there, his declarations and admissions respecting the subject-matter will also bind him, if made at the time, and constituting part of the res gestæ.   1 Greenl. Ev. pp. 130, 131, § 113.   I think, then, the declarations of Joly, testified to by Mr. Stewart, made to him on the sale of goods for the claimant, are the material consideration or

basis upon which the bargain of sale was arranged, are competent evidence against the claimant, and were properly submitted to the jury as conducing to prove the market value of the goods to have been, at those times, conformably to those invoices. The case of Bottomley v. U. S. [Case No. 1,688], 16 Pet. [41 U. S.] 342. settles the point that, in seizure cases, acts of the party importing a fraudulent contrivance to evade the payment of duties in the entry of goods, in instances independent of, and anterior in point of time to, the case in question, may be given in evidence to the jury in proof of a fraudulent purpose in the preparation of the invoice and making the entry in the case on trial, and that the jury can rightfully infer a fraudulent intent in respect to the particular transaction, in view of the whole series of acts, without being limited to the special circumstances attending that alone.

The exception to the admission of the testimony of Mr. Benjamin as to the examination of Joly under oath, without further proof of search for the written memoranda of that examination and their loss, must be overruled because there was no certain evidence that the examination was reduced to writing. It is not made necessary to be so taken by the act of congress (Act July 14, 1832, § 8 [4 Stat. 592]), and, accordingly, no presumption arises that it was so done. The statements of the witness, testified to by Mr. Benjamin, would be competent evidence upon the principle before indicated, that they related to the subject-matter of his agency, the entry of the goods, and the documents supplied him by the claimants, on which the entry was to be made.

The main question upon the merits, in my judgment, turns upon the sufficiency of the evidence to support the verdict. In reading the testimony as presented upon the case, and, especially, estimating it by the number of witnesses, I can hardly think it would be doubted that the weight of evidence is with the claimant and against the verdict. It may not probably be improper to say that, on hearing the evidence in court, it produced on my mind an impression different from that adopted by the jury. But do these considerations justify the court in reversing the decision of the jury, and setting aside their verdict? There was evidence, and of a cogent character, produced by the United States, tending to show a gross undervaluation of the goods, and under circumstances denoting the scienter and direct co-operation, if not whole direction, of the claimant himself, in the matter, and for the purpose of evading the payment of duties. This evidence was met by a strong current of testimony tending to show the valuation on the invoice correct, and accordingly displacing the inference of fraudulent intent, sought to be drawn from the

facts offered in evidence on the part of the prosecution. Which state of facts and which class of witnesses should be believed was the matter submitted to the jury, and their examination was aided by a full and able analysis of the proofs, and thorough discussion of the relative credibility and bearing of the different particulars of proof, and certainly then it belonged to the jury to weigh those matters, and dispose of them according to their judgment of the bearing and effect of the testimony.

When the testimony is all one way, or if it appears the jury acted hastily, or with ill feeling towards a party, courts will set aside a verdict for not conforming to the fair bearing of the evidence; but, as a general rule, they will not disturb the finding of a jury, when there is evidence on both sides, and the verdict rests upon the credit the jury gave one class of witnesses as against another. When the case turns upon questions of credibility of witnesses, the mere particular of numbers upon the one side or the other afford no safe criterion by which the court can revise and rectify the conclusions of the jury. Graham collects a list of cases on this doctrine, and though in some it would seem that new trials are granted merely because the court, in reviewing the evidence, have thought the verdict ought to have been the other way, in obedience to the weight of evidence, yet the fair purport of the cases he rehearses would seem to support the proposition with which he introduces their examination, that the verdict will not be set aside, as against evidence, where there has been evidence on both sides, and no rule of law violated, nor manifest injustice done, although there may appear to have been a preponderance of evidence against the verdict. Grah. New Trials. 380–405; 3 Hill, 256.

I am of opinion, upon the whole case, that the motion for a new trial must be denied. Order accordingly.